No. 13,809.

PEOPLE EX REL. EDINBURG STATE BANK AND TRUST COMPANY *v.* DISTRICT COURT OF THE FOURTEENTH DISTRICT ET AL.

(50 P. [2d] 789)

Decided October 7, 1935.   Rehearing denied November 4, 1935.

Mr. JOSEPH K. BOZARD, for petitioners.

Mr. ADDISON M. GOODING, for respondents.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

ON petition of the Edinburg State Bank and Trust Company, a Texas banking corporation, for a writ of

prohibition, a rule to show cause was entered in this court directed against the district court of Routt county and its presiding judge and one Houston. Answer and briefs were duly filed. The facts disclosed are as follows:

Houston purchased certain lands and alleged water rights at foreclosure sale under a deed of trust. The water rights claimed consist at least in part of stock in the Stillwater Ditch and Reservoir Company, a Colorado corporation, the office of which is in this state. In an action thereafter commenced by Houston, wherein he seeks to have the court declare the true ownership of the stock, he charged that the certificates of the stock so claimed have been fraudulently disposed of by delivery to the Texas bank and that the Stillwater company refuses to recognize his alleged ownership of the stock. The bank, as well as the assignors of the certificates, who are nonresidents, was named as a defendant. Personal service of the summons was made on it at its office in Texas pursuant to section 45 of the Code of Civil Procedure (Code, 1921, as amended by S. L. '27, page 673, §3, and S. L. '29, page 627, §2 [C. L., 1932 Supplement, page 32, §45]). Its attorney appeared specially for the sole purpose of quashing the service. The district court denied the motion and entered a rule to plead within a stated time.

■ Under the particular circumstances thus appearing, we hold that the service on the nonresident bank is insufficient to subject the latter to jurisdiction over its person. Rule 4 of this court is not intended to force into such jurisdiction a nonresident not otherwise subject to it.

■ ■ However, it is clear that the case instituted by Houston falls within the class of cases in rem or quasi in rem covered by the above cited Code section, for the reason that corporate stock in a Colorado corporation has its situs in this state. The certificates are merely evidence of the stock itself and it is immaterial where

they may happen to be. The district court has jurisdiction over the property and may lawfully proceed with reference to it so long as it avoids entering a personal judgment against the nonresident defendant. Under the facts shown, a personal judgment could not lawfully be rendered against that defendant unless it should hereafter voluntarily enter a general appearance in the case.

For the reasons stated, the rule is discharged and the petition for a writ of prohibition is denied.